**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

RENTOKIL NORTH AMERICA, INC., )
) Case No. 1:24-cv-1788-CMH-LRV
Plaintiff, )
)
v. )
)
MICHAEL HURLEY, )
BECKY HURLEY, and )
ENVIROGUARD SOLUTIONS, INC., )
)
Defendants. )

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE WAIVER OF SERVICE

Plaintiff Rentokil North America, Inc. ("Rentokil") respectfully moves the Court to strike the Waiver of Service of Summons filed by Defendant Enviroguard Solutions, Inc. ("Enviroguard"). Contrary to the statement on the form filed by Enviroguard, Rentokil did not request that Enviroguard waive service and had, in fact, already served Enviroguard.

* * *

Plaintiff filed this case on October 9, 2024. ECF No. 1. On October 15, 2024, Plaintiff served the Complaint and summons on Defendant Enviroguard Solutions, Inc. ECF No. 14.

On October 22, 2024, Enviroguard filed a Waiver of Service of Summons. ECF No. 10. This was a surprise, because Plaintiff had served the summons a week earlier. The document Enviroguard filed states:

> To: Jennifer Routh
> *(Name of the plaintiff's attorney or unrepresented plaintiff)*
>
> I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

That was not true, however. Plaintiff's counsel did not request that Enviroguard waive service. In fact, Plaintiff's counsel had no communications with Enviroguard or its counsel.

Plaintiff immediately raised this issue with Enviroguard's counsel, who responded that it was unnecessary for Plaintiff to request a waiver. That is wrong, however, for two reasons. First, Enviroguard's counsel signed the waiver form, stating "I have received your request to waive service of a summons in this action." But no such request was made. Second, whether to seek a waiver of summons is at the plaintiff's discretion, and signed waiver forms are to be filed by the plaintiff, not the defendant. *See* Fed. R. Civ. P. 4(d).

Enviroguard is unwilling to withdraw the waiver form, not withstanding its falsity. Plaintiff's concern here is not academic. When Enviroguard filed the waiver form, it unilaterally extended its deadline in the ECF system until December 23, 2024. Then, in a motion submitted to the Court, Enviroguard represented *that* date, as "the only date set" to respond to the Complaint. ECF No. 18 at 1. Of course, December 23 was set as the Enviroguard's deadline only because *Enviroguard* set it, improperly. Striking the waiver will erase any ambiguity and prevent Enviroguard from taking further advantage of its own inappropriate filing.

* * *

The Waiver of Summons form filed by Enviroguard is inaccurate and should not have been filed. Having filed it anyway, Enviroguard should have withdrawn it. Because Envirogard refuses to do so, the Court should strike it and grant such other relief as the Court deems proper.

Respectfully submitted,

/s/ *Jennifer B. Routh*

Admitted *pro hac vice*:

Michael S. Nadel
Rachel M. Peltzer
MCDERMOTT WILL & EMERY LLP
Washington, D.C.

Jennifer B. Routh (Virginia Bar No. 95486)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W
Washington, D.C. 20001
(202) 756-8000
jrouth@mwe.com

Attorneys for Plaintiff
Rentokil North America, Inc.

CERTIFICATE OF SERVICE

I certify that on October 25, 2024, I filed the foregoing using the CM/ECF system, which will send notice to all counsel of record, including the following:

*Counsel for Defendants Michael Hurley and Becky Hurley:*

Christopher I. Kachouroff, Esq.
McSweeney, Cynkar & Kachouroff PLLC
13649 Office Place, Suite 101
Woodbridge, Virginia 22192

*Counsel for Defendant Enviroguard Solutions, Inc.*:

James S. Kurz, Esq.
Redmon, Peyton & Braswell LLP
510 King Street, Suite 301
Alexandria, Virginia 22314

/s/ Jennifer B. Routh
Jennifer B. Routh