UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RENTOKIL NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HURLEY et al.,<br><br>Defendants. | Case No. 1:24-cv-1788-CMH-LRV |

**BRIEF IN SUPPORT OF RENTOKIL'S MOTION TO COMPEL ENVIROGUARD'S PRODUCTION OF DOCUMENTS**

Plaintiff Rentokil North America, Inc. ("Rentokil") respectfully moves for an order overruling the objections of Defendant Enviroguard Solutions, Inc ("Enviroguard") to Rentokil's First Set of Requests for Production of Documents (Nos. 1-73) and compelling production of responsive documents. Enviroguard's objections do not comply with this Court's basic expectations and thus have been waived. Beyond that, they are substantively meritless.

i. On February 21, 2025, Rentokil served its First Set of Requests for Production of Documents to Enviroguard, comprising Requests for Production Nos. 1-73. *See Ex. 1*.

ii. On March 6, 2025, Enviroguard served objections. *See Ex. 2*. Enviroguard included nine "General Objections." *Id.* at 1-2. For its "Specific Objections," Enviroguard stated:

> **SPECIFIC OBJECTIONS**
>
> 1. Enviroguard objects to requests that seek irrelevant or immaterial records.
>
> Requests that seek irrelevant or immaterial documents include:
>
> ¶¶ 6, 7, 8, 9, 10, 11, 12, 29, 35, 36, 41, 43, 44, 47, 50, 51, 51, 52, 62, 64, 65

iii. The Court should overrule Enviroguard's "General Objections." Local Civil Rule 26(C) provides that any objection to a discovery request "shall be specifically stated." And the Court's Rule 16(B) Scheduling Order provides: "No 'general objection' may be asserted in response to any discovery request except to preserve the attorney-client privilege and work product protection." Doc. 57 ¶ 6.

The rule in the Eastern District of Virginia is well known: "[G]eneric, non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." *Spendlove v. RapidCourt, LLC*, No. 3:18-cv-856, 2019 WL 7143664, at *2 (E.D. Va. Dec. 23, 2019). This rule "applies equally to general objections to requests for production. All general objections to the requests for production of documents will be overruled." *Williams v. MicroBilt Corp.*, No. 3:19-cv-85, 2021 WL 150401, at *5 (E.D. Va. Jan. 15, 2021).

Again and again, Eastern District of Virginia courts have struck or overruled general objections like Enviroguard's. *See, e.g.*, *ACMA USA, Inc. v. Surefil, LLC*, No. 3:08-cv-71, 2008 WL 2714422, at *2 (E.D. Va. July 7, 2008); *Barb v. Brown's Buick, Inc.*, No. 1:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010). The result should be the same here.

iv. Enviroguard's "Specific Objections" are not specific at all and should also be overruled. Enviroguard has merely stated that "Requests that seek irrelevant or immaterial documents include: ¶¶ 6, 7, 8, 9, 10, 11, 12, 29, 35, 36, 41, 43, 44, 47, 50, 51, 51, 52, 62, 64, 65."[1] The use of the word "include" is striking, because it suggests Enviroguard may have other,

[1] When counsel met and conferred in person, Enviroguard agreed to withdraw its objections to Request Nos. 43 and 44 but stood on the rest.

unstated relevance objections, and emphasizes that this is not a "specific objection" but rather an explained general objection citing a number of examples without any explanation. Such an objection does not pass muster in the Eastern District of Virginia. *See Spendlove*, 2019 WL 7143664, at *4.

The Court need not parse through the requests one by one to determine their relevance in the absence of *any* explanation of irrelevance in the objection. *See id.* Enviroguard's purported objection is a whole-sale waiver of all objections.

Nevertheless, a review of some of the requests underscores the careless and unserious nature of Enviroguard's purported objections. For example, this is Request No. 43:

> 43. All documents, ESI, and communications relating to the Asset Purchase Agreement.

*Ex. 1* at 11. Enviroguard objected (without more) that the request seeks "irrelevant or immaterial documents." *Ex. 2* at 2. The "Asset Purchase Agreement" is the subject of Rentokil's breach of contract claims *and Counterclaimants' breach of contract counterclaims*. The request could not be *more* relevant.

Similar examples are Requests Nos. 12 and 51:

> 12. All documents, ESI, and communications relating to any Xceptional customer or person who was once an Xceptional customer.

> 51. All documents, ESI, and communications between Enviroguard and customers who have received services from Xceptional, including but not limited to any call logs, emails, or text messages with Xceptional customers.

*Ex. 1* at 8, 12. Rentokil's Complaint expressly alleges that Xceptional (now owned by Rentokil) has lost customers to Enviroguard due to Defendants' misconduct. Doc. 1 ¶ 55. Enviroguard cannot offer a serious argument that the requested documents are "irrelevant" or "immaterial"—its *only* stated objections.

Another example is Request No. 41:

> 41. All documents, ESI, and communications relating to the bird removal and bird netting services proposal and services provided by Xceptional to Aero Center Epps Atlanta, including but not limited to any deposit or payment from Aero Center Epps Atlanta.

*Ex. 1* at 11. Aero Center Epps Atlanta is the customer that is referred to in Paragraphs 58 through 64 of Rentokil's Complaint, the allegations supporting Rentokil's conversion claim against Enviroguard. Doc. 1 at 13-14.

A final example is Request No. 64:

> 64. All documents, ESI, and communications relating to the creation of the Enviroguard logo.

*Ex. 1* at 14. The gravamen of Rentokil's Complaint is that Defendants Michael Hurley and Becky Hurley created Enviroguard in violation of their agreements with Rentokil. Doc. 1 ¶ 1. The Enviroguard logo is some of the more blatant evidence that the Hurleys are behind Enviroguard (which is held out as being run by Becky Hurley's sister and Michael Hurley's son). On the left, below, is Enviroguard's logo. On the right, below, is the logo of Florida Wildlife Trappers—another business owned by the Hurleys (which also illegally competes with Xceptional):

It doesn't take a second glace to recognize that documents related to the development of the Enviroguard logo may establish the involvement of the Hurleys in the creation and operation of Enviroguard. The request is plainly *not* "irrelevant."

v. Ultimately, Enviroguard's objections (Exhibit 2) speak for themselves. Such objections are not acceptable under the Federal Rules of Civil Procedure, the Local Rules, the Scheduling Order, and the well-established practices of this Court. Enviroguard's objections should be overruled, and Enviroguard should be ordered to produce all documents responsive to Rentokil's First Set of Requests for Production of Documents.

vi. "Federal Rule of Civil Procedure 37(a) governs the payment of attorneys' fees and expenses in discovery disputes." *Fulton Bank, N.A. v. Monticello Woods Active Adult, LLC*, No. 4:19-cv-13, 2020 WL 6306386, at *1 (E.D. Va. Jan. 7, 2020). "Specifically, Rule 37(a)(5)(A) provides that, if the court grants a motion to compel discovery, 'the court <u>must</u> ... require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" *Id.* (quoting Fed. R. Civ. P. 37(a)(5)(A)) (emphasis by the court). "The award of expenses is mandatory unless one of Rule 37(a)(5)(A)'s three enumerated exceptions applies: '(1) the movant filed a motion to compel prior to attempting in good faith to obtain the discovery without court intervention; (2) the nondisclosure or objection was substantially justified; or (3) other circumstances make an award

of expenses unjust.'" *Id.* Here, none of the exceptions apply. Counsel met in person to resolve Enviroguard's objections, and Enviroguard stood on them. The objections themselves demonstrate their lack of justification. When objections are served in the form of Exhibit 2, an award under Rule 37(a)(5)(A) should be anticipated as the inevitable consequence. The Court should order Rentokil to submit its fees and expenses for this motion so that a final award can issue.

March 14, 2025

Respectfully submitted,

/s/ *Jennifer B. Routh*

Jennifer B. Routh (Virginia Bar No. 95486)
Julie H. McConnell (Virginia Bar No. 98245)
McDermott Will & Emery LLP
500 North Capitol Street, N.W
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff
Rentokil North America, Inc.

Admitted *pro hac vice*:

Michael S. Nadel
Rachel M. Peltzer
McDermott Will & Emery LLP
Washington, D.C.

**Certificate of Service**

I certify that on March 14, 2025, I filed the foregoing using the CM/ECF system, which will send notice to all counsel of record, including the following:

Christopher I. Kachouroff, Esq.
McSweeney, Cynkar & Kachouroff PLLC
13649 Office Place, Suite 101
Woodbridge, Virginia 22192

James S. Kurz, Esq.
Redmon, Peyton & Braswell LLP
510 King Street, Suite 301
Alexandria, Virginia 22314

/s/ *Jennifer B. Routh*
Jennifer B. Routh