UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RENTOKIL NORTH AMERICA, INC., | ) |
|     Plaintiff, | ) Case No. 1:24-cv-1788-CMH-LRV |
| v. | ) |
| MICHAEL HURLEY et al., | ) |
|     Defendants. | ) |

## PLAINTIFF'S OPPOSITION TO ENVIROGUARD'S MOTION TO STAY

Plaintiff Rentokil North America, Inc. respectfully opposes Defendant Enviroguard Solutions Inc.'s motion to stay this case pursuant to 9 U.S.C. § 3 (Doc. 80).

The Court should deny Enviroguard's motion because there is no agrreement to arbitrate between Rentokil and Enviroguard—and if there were, Enviroguard would have waived any rights under such an agreement by delaying the filing of this motion until a month before the final pre-trial conference. Enviroguard's motion is meritless.

### I. Enviroguard's motion is procedurally deficient.

Enviroguard persists in defying this Court's rules and orders.

<u>First</u>, Paragraph 16(a) of the Scheduling Order states: "All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E)… ." Doc. 57 at 4-5. Local Civil Rule 7(E), in turn, comtemplates that counsel meet "in person or by telephone." Enviroguard's motion does not include a statement of compliance. Nor was there compliance. There has been no telephonic or in-person conference of counsel, nor did Enviroguard request one.

Second, Local Civil Rule 7(F) requires a motion to be accompanied by a written brief setting forth pertinent facts and authorities. Enviroguard has not filed any brief, nor provided the Court with any facts, nor cited any single authority in support of its request.

Third, Local Civil Rule 7(E) required Enviroguard's counsel to "arrange with opposing counsel for submission of the motion without oral argument" or otherwise to set the motion for hearing. Enviroguard filed a waiver of oral argument (Doc. 81), but Enviroguard never communicated with Rentokil about waiving oral argument. Rentokil would not have waived oral argument and does not. When Rentokil promptly brought the improperly filed waiver of oral argument to Enviroguard's attention, Enviroguard refused to withdraw it.

Each of these failures by Enviroguard is sufficient reason to deny the motion.

**II.    There is no basis for a stay pending arbitration.**

1.      To begin, Enviroguard waived any right to arbitration by acting inconsistently with such right. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022).[1] Rentokil filed this action against Enviroguard on October 9, 2024. Doc. 1. Enviroguard litigated in this Court for more than seven months without once contending that Rentokil's claims belonged in arbitration. Enviroguard unsuccessfully moved to dismiss and then filed an answer and raised affirmative defenses.

---

[1] "Until recently, a party in this circuit waived its arbitration right by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay. Such a default occur[ed] when a party actively participat[ed] in a lawsuit or [took] other action inconsistent with the right to arbitration." *SZY Holdings, LLC v. Garcia*, 2024 WL 3983944, at *2 (4th Cir. Aug. 29, 2024) (internal citations and quotation marks omitted). In *Sundance*, "however, the Supreme Court struck down the prejudice requirement. The Court clarified that waiver in the arbitration context, like waiver generally, is simply 'the intentional relinquishment or abandonment of a known right.' The relevant question, then, is whether the party requesting arbitration 'knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right.'" *Id.* at *3 (quoting *Sundance*, 596 U.S. at 417-19). In any reply, Enviroguard should not be heard to rely on pre-*Sundance* authority.

Enviroguard agreed to a Joint Discovery Plan. Enviroguard served document requests, interrogatories, and a Rule 30(b)(6) deposition notice. Discovery is set to close June 13. Enviroguard never previously asserted that Rentokil's claims should be arbitrated. To do so now, just over a month before the final pre-trial conference, without even offering an explanation for its delay, can only be seen as vexatious. If Enviroguard had a right to arbitration the claims at issue, it relinquished that right long ago.

2. But, of course, Enviroguard had no such right. When a challenge to the existence of a contractual obligation is properly raised, the court determines whether a valid arbitration agreement exists before referring a dispute to an arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019). Here, the Court must conclude that no valid arbitration agreement exists between Renkokil and Enviroguard. "[A]rbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation marks omitted). Rentokil has not agreed to submit claims against Enviroguard to arbitration.

Section 3 of the Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration *under an agreement in writing for such arbitration*, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration *under such an agreement*, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). For Section 3 to apply, the dispute must be "subject to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024).

"Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997). Enviroguard identifies no agreement between Enviroguard and Rentokil containing an arbitration clause. There is none. Rentokil and Enviroguard never had any contractual relationship. "Arbitration may only be judicially compelled when the parties have agreed to it, and then only for those kinds of disputes that the parties have agreed to submit to arbitration." *Zandford v. Prudential-Bache Sec., Inc.*, 112 F.3d 723, 727 (4th Cir. 1997). Rentokil had an employment agreement with Jessica Bragg, who purportedly founded Enviroguard after she left Rentokil's employment. But Rentokil did not agreed to arbitrate disputes with Enviroguard. Rentokil made no agreement of any kind with Enviroguard. And, Enviroguard has previously told this Court that when Rentokil entered the employment agreement with Ms. Bragg, Enviroguard did not even exist. Doc. 27 at 2.

"Of course, the fact that [Enviroguard] was not itself a party to the arbitration agreement [with Ms. Bragg] does not categorically mean that [Enviroguard] is ineligible to obtain relief from the district court under the FAA. … But it does mean that, *as a precondition* to granting [Enviroguard] the right to enforce any portion of an arbitration clause to which it was not a party, *the district court* [is] required, when that right [is] challenged, to determine whether 'the relevant state contract law allow[ed] [Enviroguard] to enforce [that] agreement,' so as to ensure that the FAA's terms 'are fulfilled.'" *Rogers v. Tug Hill Operating, LLC*, 76 F.4th 279, 288 (4th Cir. 2023). Enviroguard offers no facts, no legal argument, and no citation to any legal authority that would allow Enviroguard to enforce the arbitration provisions in Ms. Bragg's employment agreement for claims against Enviroguard that are unrelated to Ms. Bragg's employment agreement. None exist.

In March 2025, Rentokil initiated arbitration against Ms. Bragg. Enviroguard tells this Court that "Rentokil asserts nearly identical claims against Ms. Bragg in this current litigation as in the demand for arbitration." Doc. 80 at 1. Enviroguard's statement is false, to say the least. The arbitration against Jessica Bragg asserts a single claim for breach of contract—specifically for Ms. Bragg's breach of her employment agreement, which contains an arbitration clause. Neither Ms. Bragg's employment agreement nor her breaches of that agreement, are at issue in the case against Enviroguard in this Court. Rentokil's claims against Enviroguard in this case do not depend on Ms. Bragg's non-competition, non-solicitation, and confidential agreements, which form the basis of the breach of contract claim in the arbitration. The Complaint mentions none of those things. Rentokil claims against Enviroguard are for trademark infringement, unfair competition and false designation of origin under the Lanham Act, violation of the Virginia Consumer Protection Act, tortious inference, conversion, and civil conspiracy. Doc. 1. Rentokil's claims here are based on *Enviroguard's* misconduct—Enviroguard's use of Rentokil's trademarks, Enviroguard's theft of Rentokil's property, Enviroguard's tortious inference with Rentokil's business relationships, and Enviroguard's conspiracy with former Defendants. *Id*.

Enviroguard is also wrong that "Ms. Bragg now faces liability for [Rentokil's] claims in two separate forums." Doc. 80 at 1. Ms. Bragg is not a party in the instant case. Ms. Bragg faces no personal liability in this forum. Ms. Bragg faces personal liability only in arbitration.

In short, Rentokil agreed to arbitration for claims against Ms. Bragg related to her employment agreement, and it is doing so. Rentokil and Enviroguard made no agreement of any kind, and claims against Enviroguard are not subject to an arbitration agreement.

\*       \*       \*

Rentokil respectfully requests that the Court deny Enviroguard's motion and enter other such relief as the Court deems appropriate.

| | |
|---|---|
| May 19, 2025 | Respectfully submitted, |
| | /s/ *Jennifer B. Routh* |
| Admitted *pro hac vice*: | Jennifer B. Routh (Virginia Bar No. 95486) |
| | Julie H. McConnell (Virginia Bar No. 98245) |
| Michael S. Nadel | MCDERMOTT WILL & EMERY LLP |
| Rachel M. Peltzer | 500 North Capitol Street, N.W |
| MCDERMOTT WILL & EMERY LLP | Washington, D.C. 20001 |
| Washington, D.C. | (202) 756-8000 |
| | *Attorneys for Plaintiff* |
| | *Rentokil North America, Inc.* |

CERTIFICATE OF SERVICE

      I certify that on May 19, 2025, I filed the foregoing using the CM/ECF system, which will send notice to all counsel of record, including the following:

James S. Kurz, Esq.
Conklin Howard, Esq.
Redmon, Peyton & Braswell LLP
510 King Street, Suite 301
Alexandria, Virginia 22314

                                  /s/ *Jennifer B. Routh*
                                  Jennifer B. Routh